UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEVERLEY MARECHEAU MITCHELL
and **M. GLENN MITCHELL**,

    Plaintiffs,

v.

**U.S. BANK NATIONAL ASSOCIATION**,
*as Trustee for Wells Fargo Asset Securities
Corporation Mortgage Pass-Through
Certificates Series 2006-AR4*,

    Defendant.

Civil Action No. 17-cv-2105 (TSC)

## MEMORANDUM OPINION

### A. BACKGROUND

In 2006, *pro se* Plaintiffs Beverley and M. Glenn Mitchell secured a $960,000 loan from Wells Fargo to purchase property located in the District of Columbia. ECF No. 1, ("Notice of Removal) at Ex. A, Compl. ¶¶ 1-3; ECF No. 7 (Defs. Br.) at Ex. B. After Plaintiffs began having difficulty paying their loan, they contacted Wells Fargo sometime in 2010 or early 2011 requesting a loan modification. Compl. ¶¶ 17-18. According to Plaintiffs, Wells Fargo took several years to offer a modification, later reneged on the offer and, during another round of modification negotiations in June 2015, unexpectedly filed a foreclosure proceeding in the District of Columbia Superior Court (hereinafter "Superior Court"). *Id*. ¶¶ 17-38; ECF No. 13 (Defs. Reply) at Ex. B.

Almost two years later, on May 3, 2017, Plaintiffs filed a complaint against Wells Fargo's Trustee, U.S. Bank National Association ("USBNA") in Superior Court. *Id*. at Ex. A. Several

months later, however, the Superior Court dismissed Plaintiffs' lawsuit without prejudice because, according to Plaintiffs, their attorney became ill and failed to notify the court when he was unable to appear at a hearing. ECF No. 11 (Pls. Resp.) ¶ 6; Defs. Reply at Ex. A; Defs. Reply at 4 n.2.

Three days after their case was dismissed, Plaintiffs filed a seventy-six paragraph complaint against USBNA in Superior Court alleging that Wells Fargo has handled their mortgage modification request and the foreclosure proceedings fraudulently, in bad faith, and in violation of the District of Columbia Consumer Protection Procedures Act ("CPPA"). *See* Notice of Removal ¶ 1; *id*. at Ex. A; D.C. Code § 28-3904. Plaintiffs asked the Superior Court to: (1) stay the foreclosure proceedings in order to allow them to enter into a loan modification agreement; (2) dismiss the foreclosure proceedings once they have demonstrated a record of timely payments; (3) remove all "unreasonable charges"; (4) return their mortgage to good standing; and (5) award Plaintiffs compensatory and punitive damages. Notice of Removal at Ex A, Complaint pp. 14-15.[1]

On October 6, 2017, Plaintiffs made an oral motion—over USBNA's objection—in the foreclosure proceeding requesting consolidation with their fraud lawsuit. Defs. Reply at Ex. B. The Judge denied the motion, advising Plaintiffs to file a written motion. *Id*. Before Plaintiffs could do so, however, on October 11 USBNA removed the fraud action to this court on the basis of diversity jurisdiction and subsequently, filed a Motion to Dismiss. ECF Nos. 1, 7. USBNA asks this court to dismiss this lawsuit for various reasons, including: (1) statute of limitations grounds; (2) Plaintiffs' failure to identify the provisions of the CPPA that Wells Fargo allegedly violated; and (3) Plaintiffs' failure to set forth facts that would support their fraud and bad faith allegations. Finally, citing the

---

[1] Although Plaintiffs were represented by counsel in their Superior Court action, *see* Defs. Reply at Ex. A, they are proceeding without counsel in this court.

Anti-Injunction Act, 28 U.S.C. § 2283,[2] and *Younger v. Harris*, 401 U.S. 37 (1971),[3] USBNA urges this court to abstain from granting any relief that might interfere with the foreclosure proceedings.

In response, Plaintiffs filed an "Objection of Removal" arguing that this action should not have been removed because it is "directly connected to the foreclosure case," and therefore the cases should not be "addressed separately." Pls. Resp. ¶ 1. Plaintiffs contend that USBNA acted in bad faith by removing this action in an effort to preempt Plaintiffs' attempts to consolidate it with the pending foreclosure action. *Id.* ¶ 8. Plaintiffs also contend that their fraud litigation would be unnecessary if USBNA would process their loan modification request in good faith. *Id.* ¶ 9.

USBNA construes Plaintiffs' response as a motion to remand and argues that Plaintiffs' request was untimely. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). USBNA also notes that Plaintiffs do not challenge USBNA's assertion of diversity jurisdiction and therefore remand for lack of jurisdiction is not appropriate. *See id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In response, Plaintiffs—without leave of court—filed a "Notice of Withdrawal of Case" asking the court to "withdraw" or dismiss this matter without prejudice. ECF No. 14. Plaintiffs indicate that this case and the foreclosure case "address interconnected and related issues between the

---

[2] 28 U.S.C.A. § 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

[3] *See Nolan v. Shulman, Rogers, Gandal, Pordy & Ecker, P.A.*, No. 16-CV-1792 (TSC), 2017 WL 4081895, at *4 (D.D.C. Sept. 13, 2017) (discussing abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971)).

parties concerning" Plaintiffs' mortgage. *Id*. ¶ 2. Plaintiffs also indicate that since they have asserted counterclaims in the foreclosure case that are "identical" to the issues raised here, their suit in this court is duplicative. *Id*. ¶ 3.

After admonishing the Plaintiffs for filing what amounts to a sur-reply without seeking leave, the court allowed USBNA to file a reply to Plaintiffs' "Notice." ECF No. 15. In the reply, USBNA confirmed that Plaintiffs have asserted a fraud counter-claim in the foreclosure action. ECF No. 16, (Defs. Second Reply) at 3. USBNA expressed consternation that "[a]t no time prior to removal, did the Plaintiffs seek to file any counterclaim in the then two-year-old Foreclosure Action," but rather chose to file two lawsuits asserting their fraud claims. *Id*. 2-3. USBNA again urges this court to dismiss this action on substantive and timeliness grounds. Should this court, instead, dismiss this action without prejudice, USBNA asks this court to award it attorneys' fees and costs "for amounts incurred by [USBNA] in removing this case and seeking dismissal of Plaintiffs' suit <u>for a second time</u> in this action." *Id*. at 3 n.1 (emphasis in original).

**B. DISCUSSION**

USBNA is correct that Plaintiffs have not set forth any arguments that might support remand. There is no indication jurisdiction is lacking or that the removal was defective. *See* 28 U.S.C. § 1447(c). Even had the removal been defective, Plaintiffs' remand request is untimely because it was filed more than thirty days after the notice of removal. *See id*. USBNA is also correct that this court is unable to stay or dismiss the foreclosure proceedings, remove all "unreasonable charges" or return Plaintiffs' mortgage to good standing. *See Kaempfer v. Brown*, 684 F. Supp. 319, 321 (D.D.C. 1988), *aff'd*, 872 F.2d 496 (D.C. Cir. 1989) ("The authority and equitable power to enjoin a proceeding in a state court is restricted and limited by Title 28 of the United States Code. Section 2283 of that Title

prohibits a federal court from enjoining proceedings in a state court, 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments.'") (citing 28 U.S.C. § 2283) (alterations omitted).

On the other hand, USBNA has not pointed to any legal barrier to dismissal of this action without prejudice. Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss an action, without consent of the defendant or the court, so long as the plaintiff files the notice of dismissal before the defendant files an answer or a motion for summary judgment. Moreover, "[t]he right of voluntary dismissal by notice prior to service of the answer or a motion for summary judgment extends as fully to cases removed from a state court as it does to cases commenced in a federal court." *Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997) (citing 9 Wright & Miller, *Federal Practice & Procedure* § 2363 (2d ed. 1995)). Likewise, voluntary dismissal is available where the defendant files a Rule 12(b) motion that does not rely on materials outside the pleadings. Wright & Miller § 2363 at 427 (3d ed. 2008); *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), 41(a)(2); *Black Ride III, Inc. v. West*, No. CIV.A. 104CV01027RBW, 2005 WL 1522055, at *3 (D.D.C. June 28, 2005).

Conversely, if the 12(b)(6) motion is accompanied by materials outside the pleadings and the court converts the motion to one for summary judgment under Rule 56, dismissal requires the consent of opposing counsel or court approval. *See Black Ride III*, 2005 WL 1522055, at *3; Fed. R. Civ. P. 41(a)(1)(A)(ii). Under Rule 41(a)(2), when a court considers whether to approve a Plaintiff's motion to dismiss, it must

> satisfy itself: (1) that the motion is sought in good faith, and (2) that the defendants will not suffer "legal prejudice" if the case is dismissed. *In re Vitamins Antitrust Litig.,* 198 F.R.D. 296, 304 (D.D.C. 2000). "Legal prejudice" is determined by considering four factors: (1) the defendants' effort and expense in preparation for trial; (2) excessive

> delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of the plaintiffs' explanation for voluntary dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made. *Id.* Voluntary dismissal is generally "granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986).

*In re Fed. Nat. Mortg. Ass'n Sec., Derivative, ERISA Litig.*, 725 F. Supp. 2d 169, 176 (D.D.C. 2010), *rev'd and remanded on other grounds sub nom. Kellmer v. Raines*, 674 F.3d 848 (D.C. Cir. 2012).

Here, USBNA has relied on matters outside of the pleadings, but whether this court evaluates USBNA's motion under the Rule 12 standard[4] or converts it to a motion for summary judgment, the outcome remains the same: the court will allow Plaintiffs to dismiss this action without prejudice.

Applying the more exacting Rule 41(a)(2) standard, the court finds that Plaintiffs' desire to have their claims resolved in the foreclosure action provides an adequate explanation for voluntary dismissal, and the court finds no evidence that dismissal is sought in bad faith. *See In re Fed. Nat. Mortg. Ass'n Sec., Derivative, ERISA Litig.*, 725 F. Supp. 2d at 176. Indeed, Plaintiffs had previously sought to join their claims with the foreclosure action, but the foreclosure court directed them to file a written motion. Not only did USBNA object to the motion, but five days later USBNA removed the lawsuit to this court before Plaintiffs could file a written motion and before the thirty-day removal deadline expired. Given this course of events, it is unsurprising that Plaintiffs would want this lawsuit dismissed without prejudice so that they can pursue their claims in the foreclosure action. Moreover, USBNA has not expended any effort or expense "in preparation for trial" and this litigation has not proceeded to a stage where dismissal would put USBNA at any disadvantage.

---

[4] USBNA implies that the court may treat this motion as a Rule 12(b)(6) motion, rather than a motion for summary judgment, by taking judicial notice of its exhibits from the state court docket and because some or all of the documents are undisputed and integral to the claims raised herein. *See* Defs. Br. at p 1-2 n.1.

With respect to whether Plaintiffs were not diligent or engaged in excessive delay, it is unclear from the record why Plaintiffs waited almost two years after the foreclosure began to assert fraud/bad faith claims and why they elected to do so in a separate lawsuit, rather than in the foreclosure proceeding. It is significant, however, that Plaintiffs attempted to consolidate their claims with the foreclosure action prior to removal and have now raised them in the foreclosure proceeding. It is also significant that Plaintiffs claim that some of the allegedly fraudulent conduct occurred, and continues to occur during court-supervised foreclosure loan modification negotiations. *See* Notice of Remvoal at Ex. A, Compl. ¶¶ 7, 9. Accordingly resolution of the parties' overlapping claims—including any justifications for the delay in bringing the fraud claims—is better left to the foreclosure court. Indeed, such a course of action would promote judicial economy.

This court may grant a Rule 41(a)(2) motion to dismiss "on terms that the court considers proper." Fed. R. Civ. P. 41. Those "terms" include conditioning the dismissal on the payment of the defendant's attorneys' fees and costs. *See Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1340 (D.C.Cir.1988). As the D.C. Circuit has recognized, the purpose of this provision "is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's premature dismissal. Attorneys' fees may be awarded where 'costs were undertaken unnecessarily.'" *Mittakarin v. InfoTran Sys., Inc.*, 279 F.R.D. 38, 41 (D.D.C. 2012) (citing *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 337, 369 (D.C. Cir. 1981)).

While USBNA complains of the fees and costs it has incurred by seeking dismissal of Plaintiffs' claims twice and in removing this action, their complaint is puzzling given the fact that some of these costs would have been unnecessary had USBNA agreed to Plaintiffs' request for

consolidation and not removed the action to this court. Thus, any costs arising from litigating the removal were not "unnecessary," but instead sprung from USBNA's own strategic decisions.

**C. CONCLUSION**

For the reasons set forth above, the court will deny USBNA's Rule 12(b)(6) motion to dismiss, as well as its request for fees. Instead, the court will treat Plaintiffs' Notice of Withdrawal as a Rule 41(a)(2) Motion to Dismiss and dismiss this action without prejudice.

Date: January 31, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge